UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAVID S. RERKPHURITAT, ) | No. CV 10-8007-CW |
| ) Plaintiff, ) | DECISION AND ORDER |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) Commissioner, Social ) Security Administration, ) | |
| ) Defendant. ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability insurance benefits. For the reasons stated below, the Magistrate Judge finds that judgment should be granted in favor of Defendant, affirming the Commissioner's decision.

**I. BACKGROUND**

Plaintiff David S. Rerkphuritat was born on July 1, 1955, and was fifty-four years old at the time of his administrative hearing. [Administrative Record ("AR") 79-80.] He has at least a high school

education and past work experience as a dialysis technician. [AR 18-19.]

Plaintiff alleges disability due to back, shoulder and neck pain. [AR 115.]

## II.   PROCEEDINGS IN THIS COURT

On September 8, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

On October 24, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability beginning August 24, 2006.  [AR 12, 81.]  After the application was denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on August 29, 2009, before Administrative Law Judge ("ALJ") Joel B. Martinez.  [AR 20.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff and vocational expert ("VE") Rita Barron-King.  [AR 20.] The ALJ denied benefits in an administrative decision dated October 15, 2009.  [AR 12-19.]  When the Appeals Council denied review on August 20, 2010, the ALJ's decision became the Commissioner's final decision.  [AR 1-3.]  This action followed.

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not

1 supported by substantial evidence in the record, the court may reject
2 the finding and set aside the decision to deny benefits. See <u>Aukland</u>
3 <u>v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v.</u>
4 <u>Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240
5 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094,
6 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir.
7 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada</u>
8 <u>v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id.</u> To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id.</u> "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; see also <u>Osenbrock</u>, 240 F.3d at 1162.

**V.  DISCUSSION**

**A.  THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

\ \ \
\ \ \

1       Disability claims are evaluated using a five-step test:
2            Step one: Is the claimant engaging in substantial
3       gainful activity?  If so, the claimant is found not
4       disabled.  If not, proceed to step two.
5            Step two: Does the claimant have a "severe" impairment?
6       If so, proceed to step three.  If not, then a finding of not
7       disabled is appropriate.
8            Step three: Does the claimant's impairment or
9       combination of impairments meet or equal an impairment
10      listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
11      so, the claimant is automatically determined disabled.  If
12      not, proceed to step four.
13           Step four: Is the claimant capable of performing his
14      past work?  If so, the claimant is not disabled.  If not,
15      proceed to step five.
16           Step five: Does the claimant have the residual
17      functional capacity to perform any other work?  If so, the
18      claimant is not disabled.  If not, the claimant is disabled.
19 Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended
20 April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107
21 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20
22 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or
23 "not disabled" at any step, there is no need to complete further
24 steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.
25      Claimants have the burden of proof at steps one through four,
26 subject to the presumption that Social Security hearings are non-
27 adversarial, and to the Commissioner's affirmative duty to assist
28 claimants in fully developing the record even if they are represented

by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers.  <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

    **B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 24, 2006, the alleged onset date (step one); that Plaintiff had a "severe" impairment, namely chronic impingement syndrome, right shoulder, with right shoulder osteoarthritis of the AC joint; degenerative disk disease, lumbosacral spine, with left radiculopathy; and degenerative disk disease, cervical spine, mild, with no radiculopathy (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 14-15.]  The ALJ found that Plaintiff had the RFC to perform light work with occasional postural limitations, a preclusion from engaging in reaching overhead with the right upper extremity, a limitation to frequent right hand manipulation, and a requirement to avoid hazardous heights and hazards. [AR 15.] He found that Plaintiff is capable of perform his

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations.  <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a nonexertional limitation.  <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

past relevant work as a dialysis technician as actually and generally performed (step four) and, thus, is not "disabled" as defined by the Act. [AR 18.] In the alternative, the ALJ also found that Plaintiff, considering his age, education, work experience, RFC and work skills acquired from past relevant work, could perform other work existing in significant numbers in the national economy (step five). [AR 19.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [AR 19.]

### C. ISSUES IN DISPUTE

The Joint Stipulation identifies as disputed issues whether the ALJ properly considered:

1. Plaintiff's ability to perform his past relevant work or other work; and
2. Plaintiff's testimony concerning his subjective symptoms.

[Joint Stipulation "JS" 4.]

### D. ISSUE ONE: PLAINTIFF'S ABILITY TO PERFORM WORK

At Plaintiff's administrative hearing, the VE testified that an individual of Plaintiff's age, education, work experience and RFC, as set forth above and specifically noting the limitations to frequent handling with the non-dominant right hand and no overhead reaching with the right upper extremity, could perform Plaintiff's past relevant work as a dialysis technician as generally performed. [AR 32, 42.] Next, she testified that such an individual had transferable skills and would be able to perform the job of phlebotomist. [AR 43.]

Based on the testimony of the VE and information contained in the Dictionary of Occupational Titles ("DOT"), the ALJ found Plaintiff could perform his past relevant work as actually and generally

\ \ \

performed. [AR 18.] Alternatively, he found Plaintiff could perform other work in the national economy, such as phlebotomist. [AR 19.]

Plaintiff contends the ALJ improperly found he could perform (1) his past relevant work of dialysis technician as actually performed, (2) his past relevant work of dialysis technician as generally performed, and (3) other work, such as phlebotomist. [JS 4-15.] Specifically, he contends that the DOT indicates that the jobs of dialysis technician and phlebotomist both require frequent use of both upper extremities to reach and, thus, his limitation to no overhead reaching with his right upper extremity precludes him from performing these jobs as they are described in the DOT. [JS 7-15.][2]

As conceded by the Commissioner, the ALJ erred in finding Plaintiff could perform his past relevant work of dialysis technician as actually performed. [JS 15.] However, as shown below, the error was harmless because the ALJ properly found that Plaintiff could perform his past relevant work as generally performed and could perform other work in the national economy, such as the job of phlebotomist. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (while the ALJ erred at step 4 by finding claimant could perform past relevant work, the error was harmless because the ALJ properly decided alternatively at step 5 that claimant could perform other work in the national economy). Accordingly, this error does not entitle Plaintiff to reversal. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)("A decision of the ALJ will not be reversed for errors that are

---

[2] Plaintiff also contends that his limitation to occasional postural activities precludes him from performing his past work of dialysis technician as actually performed. Because the Commissioner concedes that the ALJ erred in finding Plaintiff could perform his past work as actually performed, the court need not address this issue. [JS 15.]

harmless").

An ALJ may rely on the DOT to determine whether a claimant is capable of performing work.  20 C.F.R. § 404.1566(d)(1).  The ALJ may also rely on the testimony of a vocational expert.  Bayliss v. Barnhart, 427 F.3d 1211, 1217-1218 (9th Cir. 2005) (ALJ may rely on VE testimony which considered all claimant's limitations); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (ALJ may take administrative notice of information provided by VE).  However, the ALJ may accept VE testimony that contradicts the DOT only if he obtains from the VE a reasonable explanation for any apparent conflict and the record contains persuasive evidence to support the contradiction.  Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008); Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007); Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001).

There is no such conflict here.  Although the DOT states that the job of dialysis technician is light work and requires frequent reaching, handling and fingering, DOT 078.362-014, and that the job of phlebotomist is light work requiring frequent reaching, handling and fingering, DOT 079.364-022, it does not require the ability to reach frequently with both hands.  See McConnell v. Astrue, 2010 WL 1946728 at *7 (C.D. Cal. 2010)(rejecting argument that DOT expressly requires performance of reaching, handling, and fingering with both hands); Fuller v. Astrue, 2009 WL 4980273 at *2-3 (C.D. Cal. 2009)(same).  Plaintiff is left-handed and has no limitations on the use of his dominant left upper extremity and, thus, is capable of frequent reaching, handling and fingering.  [AR 32.]  The VE's testimony that an individual with Plaintiff's limitations to his right upper extremity and unlimited ability to use his left hand could perform

these jobs which require frequent reaching, handling and fingering confirmed this. [AR 42-43.] Accordingly, there is no conflict between the DOT and the VE's testimony that Plaintiff could perform the jobs of dialysis technician and phlebotomist, and the ALJ could properly rely on her testimony.[3]

Plaintiff cites to the Seventh Circuit case, Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006), to support his argument that Plaintiff's preclusion from overhead reaching is inconsistent with a job description in the DOT which required frequent reaching. [JS 13.] The facts in Prochaska are distinguishable from the facts here. There, the claimant was limited to occasional reaching above shoulder level. Id. at 736. This limitation concerned both upper extremities. Id. Here, only Plaintiff's non-dominant right upper extremity is limited to no overhead reaching. [AR 15.] He has no reaching or other limitation to his dominant left upper extremity. [AR 15.] The holding of Prochaska is thus not apposite here. The Fifth Circuit case of Carey v. Apfel, 230 F.3d 131 (5th Cir.2000), provides a more apt analogy. In Carey, the ALJ relied on the testimony of a VE in finding that the plaintiff, whose left arm had been amputated, could perform work as a cashier or ticket seller. On appeal, the plaintiff argued the VE testimony was inconsistent with the DOT because both jobs required dexterity and frequent handling and fingering with two hands, whereas the plaintiff had only one hand. Id. at 146. In rejecting this

---

[3] The DOT states that the jobs of dialysis technician and phlebotomist require only occasional postural activities. DOT 078.362-014 (dialysis technician requires occasional stooping and kneeling), 079.364-022 (phlebotomist requires occasional stooping). The VE's testimony that an individual limited to occasional postural activities could perform these jobs does not contradict the DOT. To the extent that Plaintiff contends otherwise, his contention is without merit.

9

argument, the Fifth Circuit noted there was no conflict between the VE testimony and the DOT because the DOT did not state the jobs required the use of both hands. Id.  This reasoning is equally applicable here.

Accordingly, because the VE's testimony was not inconsistent with the DOT, the ALJ properly relied on that testimony to find Plaintiff could perform his past work of dialysis technician as generally performed and other work of phlebotomist.  Plaintiff is not entitled to reversal.

**E.   ISSUE TWO: CREDIBILITY FINDING**

Plaintiff contends that the ALJ erred in rejecting his subjective symptom testimony.

At his administrative hearing, Plaintiff testified that his impairments limited him to 15 minutes of walking, 15 minutes of standing and 20 minutes of sitting. [AR 31-32.] He also testified that he can walk without a cane so long as he is careful, but that he had been using a cane for balance for about a year. [AR 31.]

The ALJ found that Plaintiff's impairments could reasonably be expected to cause his symptoms but rejected them to the extent they are inconsistent with his RFC findings. [AR 17.] In so doing, the ALJ found, first, that Plaintiff made statements that were inconsistent and unsupported by the record.  He also rejected Plaintiff's testimony that he needed a cane for the specific reason that it was not supported by medical evidence.  Finally, he rejected Plaintiff's description of his limitations in sitting, standing, and walking both as inconsistent with an even more restrictive physician's opinion (whose opinion was rejected by the ALJ for reasons that Plaintiff does not challenge here) and as inconsistent with his activities;

specifically, with his ability to go on a "three-week trip to Thailand, which requires long hours of air travel, and would contradict [Plaintiff's] subjective complaints." [AR 17-18.]

Once a claimant produces objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged, the ALJ may not reject his or her subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of the symptom. Bunnell v. Sullivan, 947 F.2d 341, 344-45 (9th Cir. 1991). The ALJ may reject the claimant's testimony regarding the severity of his or her symptoms only if he or she makes specific findings stating clear and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir.1996). The findings must be sufficiently specific that a reviewing court may "'conclude that the ALJ did not arbitrarily discredit [the claimant's] testimony.'" Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008)(quoting Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)).

In assessing the credibility of a claimant, the ALJ may use "ordinary techniques of credibility evaluation," and may consider factors such as a (1) lack of medical support for the degree of disability alleged, and (2) statements made by the claimant which are inconsistent with the record. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ offered multiple legally sufficient reasons for declining to credit plaintiff's subjective symptom statements to the extent they contradicted the RFC finding.

First, the ALJ properly found that Plaintiff's allegation to the Administration of a disabling neck impairment was unsupported by his medical records. Specifically, Plaintiff initially claimed he was unable to work due to neck, back and shoulder pain. [AR 115.] The ALJ found, however, that the medical record did not support a finding of disabling back pain and noted, moreover, that neither orthopedic examiner significantly addressed a medical condition involving the neck.  These findings are amply supported by the record as a whole, which does not reflect complaints of or treatment for neck pain to any notable degree.  [E.g., AR 227, 305-26.] An ALJ may properly consider a plaintiff's overall veracity, including indications that he has inconsistently reported his alleged impairments, in gauging the credibility of specific symptom testimony.  Tonapetyan v. Halter, 242 F.3d 1144, 1147-48 (9th Cir. 2001).  See also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008)(holding that ALJ properly discounted plaintiff's credibility where plaintiff was a "vague witness" with respect to the alleged period of disability and pain symptoms); Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (finding ALJ's credibility finding properly rejected plaintiff's credibility when she did not self-report to physicians about the extent or nature of fatigue as alleged before the Commissioner, and x-rays and other tests were normal and did not support claims of back and neck pain).

Second, the ALJ properly noted and considered lack of support in the record for Plaintiff's purported need to walk with a cane. [AR 17 (citing AR 230 ("Gait is normal"), 324 (Plaintiff does not need cane or other assistive device to engage in occasional standing or walking)).] See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)

("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis").

Third, the ALJ properly noted and considered that Plaintiff's testimony regarding limitations in his abilities to sit, stand, and walk conflicted with physician's findings. [AR 17, 320-26.] See Tonapetyan v. Halter, 242 F.3d at 1148; Burch v. Barnhart, 400 F.3d at 681.

Finally, the ALJ likewise properly inferred from Plaintiff's three-week trip and airline flight to Thailand that he was not as limited in terms of sitting, standing, and walking, as he claimed to be. It is within the ALJ's purview to make such credibility determinations. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). If there is substantial evidence in the record to support the credibility finding, the Court will not engage in second-guessing. Thomas v. Barnhart, 278 F.3d 957, 959 (9th Cir. 2002); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). While it may be possible for an individual with Plaintiff's alleged symptoms to endure a lengthy airplane flight and weeks-long trip to Thailand, the ALJ was entitled to exercise his reasonable judgment and conclude from this evidence that Plaintiff was not as limited as he alleged. Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008)(ALJ properly inferred from claimant's ability to travel for extended time that claimant not as physically limited as claimed).

Substantial evidence supports the ALJ's rejection of Plaintiff's subjective symptoms. Reversal is not warranted.

**VI. ORDERS**

Accordingly, **IT IS ORDERED** that:

13

1      1. The decision of the Commissioner is **AFFIRMED**.

2      2. This action is **DISMISSED WITH PREJUDICE**.

3      3. The clerk of the Court shall serve this Decision and Order and Judgment herein on all parties or counsel.

DATED: November 2, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge